ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVELYN F. DANIEL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-MC-018-P |
| | ) | |
| CIA, ET AL., | ) | |
| Defendants. | ) | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 8 2005

CLERK, U.S. DISTRICT COURT
By _____
     Deputy

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.   FACTUAL BACKGROUND**

On February 11, 2005, Plaintiff filed this unspecified civil action. Defendants are the CIA, FBI, KKK, and the Judiciary. No process has issued in this case.

On February 16, 2005, the Court informed Plaintiff that she had not complied with the sanction that United States District Judge David C. Godbey had imposed on January 21, 2004, in *Daniel v. U.S. Federal Courthouse Office of the Clerks, et al.*, 3:03-CV-3085-N. The judgment of dismissal in No. 3:03-CV-3085-N provided that Plaintiff was "prohibited from filing any additional complaints *in forma pauperis* without first paying the required filing fee or obtain[ing] prior authorization from a district judge or magistrate judge." The Court ordered Plaintiff to pay

the filing fee within thirty days, otherwise the Court would recommend dismissal of her complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). More than thirty days have passed and Plaintiff has failed to comply with the Court's order.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Plaintiff has failed to comply with the Court's Order. Accordingly, her complaint should be dismissed for want of prosecution.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court dismiss Plaintiff's complaint without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Signed this 8 day of April, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge      Page 2**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE